■ BOAR'S TOOTH RESTAURANT CORP., Respondent, v PRESIDENTIAL LIFE INSURANCE COMPANY, Appellant, et al., Defendants.—Order of the Supreme Court, New York County (Michael J. Dontzin, J.), entered September 19, 1984, which, upon reargument, granted plaintiff's motion for summary judgment in the amount of $23,924.47, with interest, costs and disbursements, and denied defendant's cross motion for summary judgment dismissing the complaint, unanimously reversed, on the law, plaintiff's motion for summary judgment is denied, defendant's cross motion for summary judgment is granted and the complaint is dismissed, with costs.

In 1977, respondent, Boar's Tooth, sought to obtain insurance upon the life of its vice-president, Sean Nolan. Nolan had been sick for two years with lung cancer. Respondent consulted defendant insurance agents Legg and Borg and learned that Nolan would be eligible only for a policy whose issue was

guaranteed without a medical evaluation. Respondent also learned that Nolan would not quality for the only guaranteed issue policy available in New York State since that policy required the insured to be 55 years of age; Nolan was 36. Respondents, however, were informed that Nolan would be eligible for a guaranteed issue policy in Florida. Nolan, a New York resident who never lived in Florida, was supplied with a Florida address and on May 16, 1977 was insured under a policy of insurance approved for issue in Florida but not in New York. The policy contained a standard two-year incontestability provision, but provided that if Nolan died from nonaccidental causes during the first three years of coverage, the beneficiary would be entitled only to a return of its premiums plus 10% interest. Once three years elapsed, the beneficiary would be entitled to the face amount of the policy reduced incrementally with the passage of time. This is called a three-year graded benefit provision with a decreasing term benefit. The face amount of the policy was initially $37,500 but was subsequently reduced to $25,000.

Nolan died in August 1979, between two and three years after the policy was issued. Respondent made a claim for policy benefits, and was sent a check in the amount of premiums paid plus 10% interest. The check stated on the reverse side that it was "in payment of all claims whatsoever under Policy No. 27031 insuring the life of Sean Nolan." The check as indorsed and deposited by respondent.

One year later, respondent commenced this action to recover the face amount of the policy, less amounts already paid, plus interest, costs and disbursements. The theory on which the action was based was that three-year graded benefit provisions with decreasing terms were not authorized in New York State and constituted a means of evading the two-year incontestability requirement prescribed by Insurance Law § 155 (now § 3203 [a] [3]). Respondent, therefore, requested that the policy be reformed pursuant to Insurance Law § 143 (1) (recodified as Insurance Law § 3103 [a]) to excise the offensive provision. Once the three-year graded benefit provision was expunged, respondent urged it would be entitled to the policy's $25,000 face amount. On these grounds respondent was awarded summary judgment.

As was acknowledged by the lower court on reargument, the three-year graded benefit provision is not per se illegal in New York. Guaranteed issue life insurance with a three-year graded benefit provision has been approved for issue by the New York Insurance Department. Such insurance only comes

with an $8,000 face amount, which in contrast to the Florida policy issued respondent, does not decrease after the initial three years of the policy. Were it necessary to reform the subject policy pursuant to Insurance Law § 143 (1) to bring it into compliance with New York law, it would appear that the decreasing term benefit, and not the inoffensive three-year graded benefit provision, would be the part of the policy in need of alteration.

The court will not engage in unnecessary reformation, and reformation of the present policy's decreasing term benefit provision is manifestly unnecessary since that provision had no bearing on the amount paid respondent because the insured died within three years of the policy's issue.

It should be noted that the present policy does not omit the two-year incontestability provision required by Insurance Law § 155. Such a provision is plainly included as the first of the policy's "Conditions Affecting Claims". Indeed, appellant has not contested the policy but has paid out precisely the amount it was obligated to under the contract of insurance. Respondent received exactly what it bargained for and deposited the insurance proceeds without protest.

We do not, however, decide whether respondent's deposit of the insurance proceeds constituted a release. It is sufficient to conclude in light of the foregoing that respondents have not succeeded in raising a triable issue as to the policy's nonconformity with New York law, and, accordingly, have not demonstrated any need to reform the insurance contract at bar. Concur—Murphy, P. J., Kupferman, Ross, Bloom and Rosenberger, JJ.